UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ZF STEERING SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:12-CV-316-TLS |
| | ) | |
| BUSCHE ENTERPRISE | ) | |
| DIVISION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court are two motions filed by the Plaintiff, ZF Steering Systems, LLC, requesting various forms of relief. The Plaintiff filed an Objection and Motion to Strike or Dismiss Busche's "Complaint" or in the Alternative Motion to Transfer Venue of the Busche "Complaint" [ECF No. 32] on January 11, 2013. The Plaintiff filed an Objection and Motion to Strike or Dismiss "Answer" and "Crossclaim" filed by General Aluminum Mfg. Company or in the Alternative Motion to Transfer Venue [ECF No. 47] on February 28. The Plaintiff's two motions challenge a December 19, 2012, document captioned Complaint by Counterclaimant/Cross-Claimant Busche Enterprise Division, Inc. [ECF No. 27] filed by the Defendant, Busche Enterprise Division, Inc., and a February 5, 2013, document captioned Amended Answer to Busche Enterprise Division, Inc. and Crossclaim Against ZF Steering Systems, LLC [ECF No. 40] filed by General Aluminum Manufacturing Company (GAMCO). The Court held a telephonic status conference in this matter on March 13. At that conference, attorneys for the Plaintiff, an attorney for the Defendant, and an attorney for GAMCO all represented to the Court that this matter would be ripe for the Court's consideration and ruling

1

upon completion of briefing. All briefing concerning both of the Plaintiff's motions is now complete and these issues are ripe for the Court's ruling. Because the Court finds that the two filings the Plaintiff contests are not appropriate for this Court's consideration, the Court will strike the filings.

**BACKGROUND**

The Plaintiff is a supplier of automotive equipment to automobile manufacturers. GAMCO produces certain parts used by the Plaintiff in the production of automobile steering wheels. The parts produced by GAMCO for use by the Plaintiff include Alpha Housings and Alpha Plus Housings. The Defendant performs specialized tooling for both Alpha Housings and Alpha Plus Housings.

According to the Complaint, the Plaintiff contracted with GAMCO for the production of certain parts in October 2010. (Compl. ¶ 11, ECF No. 1.) By May 2011, GAMCO informed the Plaintiff that it would be unable to continue to supply Alpha Housings according to the Plaintiff's needs. (*Id.* ¶ 23.) Therefore, in June 2011, GAMCO submitted a proposal whereby the Plaintiff would buy its parts from an alternate source and the Defendant would perform machining operations on the parts. (*Id.* ¶ 25.) This relationship continued from January 2012 until August 16, 2012. From August 17 to 22, the three parties engaged in negotiations at the conclusion of which the Plaintiff contracted with the Defendant for supply of parts. (*Id.* ¶ 23.) The parties failed to reach a final resolution, however, and on September 14, 2012, the Plaintiff filed its Complaint.

The Complaint alleged five counts against the Defendant: Count 2 for declaratory

judgment, Count 4 for specific performance, Count 6 for breach of contract, Count 7 for promissory estoppel and detrimental reliance, and Count 10 for injunctive relief. The Complaint also alleged five counts against GAMCO: Count 1 for declaratory judgment, Count 3 for specific performance, Count 5 for breach of contract, Count 8 for anticipatory repudiation, and Count 9 for injunctive relief. On September 14, the Plaintiff additionally filed a Motion for Temporary Restraining Order and Preliminary and Permanent Injunction [ECF No. 2]. The Court held a telephonic conference on September 17 and, by agreement of the parties, withheld ruling on the Motion for Temporary Restraining Order and Preliminary and Permanent Injunction. It is undisputed that the Complaint filed by the Plaintiff on September 14 concerned manufacture and supply of the Alpha Housings and the contractual dispute regarding the Alpha Housings, and did not concern the Alpha Plus Housings.

On October 4, the parties to the lawsuit participated in a settlement conference before Magistrate Judge Roger Cosbey. According to the Defendant, at the October 4 settlement conference it addressed a different contractual dispute relating to Alpha Plus Housings and received assurances from the Plaintiff concerning the dispute. Furthermore, according to the Plaintiff, GAMCO refused to participate in a proposed settlement agreement because of a Michigan forum selection clause in its contract with the Plaintiff. GAMCO further stated its intention to file a motion to dismiss the claims against it based on the forum selection clause. (*See* Notice of Filing of Resp. in Opp'n to Mot. to Transfer, ECF No. 50 at 10–11.) At the conclusion of the settlement conference, the Plaintiff and the Defendant continued to work toward resolution of the Plaintiff's claims against the Defendant.

On October 12, the Plaintiff and the Defendant filed a Joint Motion to Stay Proceedings

Between Plaintiff ZF Steering Systems, LLC and Defendant Busche Enterprise Division, Inc. [ECF No. 23], requesting that the Court "stay further proceedings in this case, as to Defendant Busche only, until the earlier of February 28, 2013, at which time ZFS and Busche anticipate that the action between ZFS and Busche would be dismissed pursuant to a stipulation, or notice to the Court from either ZFS or Busche asserting that the terms of the Settlement Agreement . . . have been violated." (Joint Mot. to Stay 1, ECF No. 23.)[1] According to the Joint Motion: "The Settlement Agreement contemplates that on or before February 28, 2013, provided that ZFS and Busche each perform under the Settlement Agreement, the remaining claims by Plaintiff, ZFS, against Defendant, Busche, will be dismissed; or in the alternative the Court will be requested to lift this stay of proceedings." (*Id.* 2.) The Joint Motion also requested that the Court retain jurisdiction to enforce the terms of the Settlement Agreement, and notified the Court that the Plaintiff's claims against GAMCO would not be affected by the requested stay.

On October 15, the Plaintiff entered a Notice of Voluntary Dismissal of its Claims Against Defendant GAMCO [ECF No. 25], which the Court granted on October 16 pursuant to Rule 41. It is undisputed that the Court dismissed without prejudice all claims against Defendant GAMCO and dismissed Defendant GAMCO from this case on October 16.

On October 22, the Court entered an Order [ECF No. 26] granting the Joint Motion to Stay. The Order stated:

> This action is STAYED between the Plaintiff, ZF Steering Systems, LLC, and the Defendant, Busche Enterprise Division, Inc., until February 28, 2013. A telephone conference is SET for March 13, 2013, at 10:00 AM Eastern time . . . . The Court retains jurisdiction hereafter to enforce the terms of a certain Settlement Agreement

---

[1] The parties did not furnish the Court a copy of the Settlement Agreement at that time, but the Settlement Agreement is now before the Court. (ECF No. 33 at 13–16.)

4

>between the Plaintiff, ZF Steering Systems, LLC and the Defendant Busche Enterprise Division, Inc.

(Order, ECF No. 26.)

In November 2012, a dispute arose between the parties concerning the Alpha Plus Housings. Therefore, on December 19, the Defendant filed a document docketed as a Counterclaim but captioned as a Complaint by Counterclaimant/Cross-Claimant Busche Enterprise Division, Inc. [ECF No. 27]. In this Complaint, the Defendant purported to bring the following counterclaims relating to the Alpha Plus Housings against the Plaintiff: Counts II and III for promissory estoppel, Count IV for breach of contract brought by a third party beneficiary, and Count V for fraud. The Defendant's Complaint also purported to bring a Count I crossclaim against GAMCO for breach of contract. The Defendant did not allege any violation of the Settlement Agreement, nor did the Defendant ask for the Court to lift the stay before filing this document. Further, the Defendant did not ask permission to join GAMCO as a party or to file a third-party complaint against GAMCO. The Defendant served the Complaint on GAMCO on or about January 2, 2013.

On January 10, the Plaintiff filed a lawsuit against GAMCO in the United States District Court for the Eastern District of Michigan, Southern Division, Cause No. 2:13-CV-10101. The Plaintiff's claims included the Alpha Housings claims dismissed without prejudice in this Court, and also included claims relating to the Alpha Plus Housings.

On January 11, the Plaintiff filed its Objection and Motion to Strike or Dismiss Busche's "Complaint" or in the Alternative Motion to Transfer Venue of the Busche "Complaint" [ECF No. 32], along with a Memorandum in Support [ECF No. 33]. The Defendant filed a Response [ECF No. 36] on January 30, and the Plaintiff filed a Reply [ECF No. 46] on February 25.

On February 4, GAMCO filed an Answer and Crossclaim [ECF No. 37] which the Magistrate Judge struck for failure to comply with the Local Rules. Thereafter, on February 5, GAMCO filed a document captioned Amended Answer to Busche Enterprise Division, Inc. and Crossclaim Against ZF Steering Systems, LLC [ECF No. 40]. In its Amended Answer, GAMCO purported to bring the following crossclaims against the Plaintiff: Count I for breach of contract concerning the Alpha Housings; Count II for promissory estoppel concerning the Alpha Housings; Count III for breach of contract concerning the Alpha Plus Housings; Count IV for promissory estoppel concerning the Alpha Plus Housings; Count V for negligent misrepresentation; and Count VI for tortious interference with contractual relations.

On February 5, in the Eastern District of Michigan, GAMCO also filed a Motion to Transfer Venue or, in the Alternative, to Stay [ECF No. 43-1]. The Plaintiff filed a Response [ECF No. 50] to that Motion in the Eastern District of Michigan on March 1, and GAMCO filed a Reply [ECF No. 51-1] in the Eastern District of Michigan on March 11. The Plaintiff filed an Answer [ECF No. 59] to GAMCO's Counterclaim in the Michigan litigation on April 12. On April 24, United States District Court Judge Terrence Berg of the Eastern District of Michigan held a motions hearing on the Motion to Transfer. (Order Granting GAMCO's Motion to Stay Proceedings 1, ECF No. 60-1.) In his Order, Judge Berg stayed the proceedings between the Plaintiff and GAMCO "until the District Court for the Northern District of Indiana determines whether GAMCO was properly a party before that Court." (*Id.* 2.)

On February 28, the Plaintiff filed an Objection and Motion to Strike or Dismiss "Answer" and "Crossclaim" filed by General Aluminum Mfg. Company or in the Alternative Motion to Transfer Venue [ECF No. 47], along with a Brief in Support [ECF No. 48]. GAMCO

filed a Response [ECF No. 53] on March 18, and the Plaintiff filed a Reply [ECF No. 54] on March 28.

The Court has not removed the stay that it entered in this case on October 22, 2012. At the March 13 telephonic status conference, the Plaintiff stated that it was not ready to ask for dismissal of its claims against the Defendant due to the continuing status of this litigation.

The Plaintiff argues that the Court should strike or dismiss without prejudice the Defendant's claims in the document styled as a Complaint for the following reasons: 1) the Defendant filed the Complaint in violation of the Court's stay order; 2) the Defendant's Complaint relates to issues outside of the jurisdiction retained by the Court in this matter; 3) the Defendant's Complaint is not a complaint under Federal Rule of Civil Procedure 7(a)(1) because there is already a complaint in this action; 4) under Rule 13, the Defendant's proposed counterclaims and crossclaim may only be filed as part of a pleading under Rule 7; 5) in this case, because all claims before the Court were settled as of October, the Defendant could not have filed an answer in December and thus had no basis to assert counterclaims or a crossclaim; and 6) no crossclaim against GAMCO was possible because GAMCO was not a party to this litigation. In the alternative, the Plaintiff also argues that the Court should dismiss for improper venue or transfer to the United States District Court for the Eastern District of Michigan, Southern Division, all claims raised by the Defendant in its Complaint because one of the Defendant's claims arises under a contract including a Michigan forum selection clause.

In Response, the Defendant admits that, although it raised its concerns relating to the Alpha Plus Housings during settlement negotiations in October, it "ultimately entered into the [Settlement Agreement] without addressing the outstanding balance owed for tooling related to

7

the Alpha Plus Housings." (Def.'s Resp. 5, ECF No. 36.) Nevertheless, the Defendant insists that it "does not believe that the stay of ZF's action precluded the filing of a counterclaim." (*Id.* 3.) Specifically, the Defendant argues: 1) the Court's stay order did not divest the Court of jurisdiction over counterclaims; 2) the Court's stay order should not prevent the Court from hearing counterclaims that arose after resolution of the pending claims; 3) requiring counterclaims to be filed in conjunction with an answer, in this case, would be inconsistent with the "just, speedy, and inexpensive determination of every action and proceeding" under Rule 1; and 4) if an answer is required, the Defendant requests leave to file one now so that its counterclaims are compliant. In response to the Plaintiff's arguments for transfer, the Defendant argues that the forum selection clause is unenforceable because the Plaintiff waived it by filing this action in Indiana although the original Complaint concerned a contract with an identical Michigan forum selection clause, and because many of the Defendant's new claims do not relate to the contract with the Michigan forum selection clause. The Defendant also argues that transfer of its claims to Michigan is inappropriate under 28 U.S.C. § 1404(a).

In reply, the Plaintiff insists that the Defendants should be held to the Federal Rules of Civil Procedure so that GAMCO cannot argue that its claims before this Court are "first-filed" with respect to the Michigan litigation. The Plaintiff also raises additional arguments relating to its request to transfer these claims to Michigan.

Concerning GAMCO's purported crossclaims, the Plaintiff argues: 1) because GAMCO is no longer a party to this action, the Defendant's crossclaim against GAMCO was unauthorized; 2) GAMCO's crossclaims against the Plaintiff are improper under Rule 13 because GAMCO is not a party, because the Plaintiff is not a co-party of GAMCO, and because

8

GAMCO's claims do not arise out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim; and 3) GAMCO's filing violates the Court's stay order. In the alternative, the Plaintiff again argues that the Court should transfer any of GAMCO's surviving claims to the Eastern District of Michigan pursuant to the forum selection clause and § 1404(a).

GAMCO responds that it was obligated to file an answer to the Defendant's Complaint in order to prevent a default, and that its crossclaims against the Plaintiff appropriately arose from the same transaction or occurrence—the ongoing business relationship of the parties. GAMCO insists that the Defendant's Complaint could have been appropriately styled a counterclaim, and that the Defendant's crossclaim against GAMCO could have been appropriately styled as a third-party complaint. GAMCO also argues that its filing did not violate the stay because the stay was only entered between the Plaintiff and the Defendant, and GAMCO raises various arguments in opposition to the Plaintiff's request to transfer any remaining GAMCO claims to Michigan.

In Reply, the Plaintiff notes that GAMCO had already been dismissed from this action on the date the Court entered the stay. Thus, although the stay by its terms applied only to the Plaintiff and the Defendant, because there were no other parties to the litigation when the Court entered the stay, the stay completely forecloses any filings in this cause. The Plaintiff also replies to GAMCO's suggestion that the Defendant could have asserted a third-party complaint against GAMCO. Because all of the extant claims against the Defendant had been settled in December, the Plaintiff argues, the Defendant could not have asserted that GAMCO was "liable to it for all or part of the claim against it" as required under Rule 14, and thus the Defendant could not have asserted a third-party complaint even if appropriately styled as such.

9

**ANALYSIS**

"[I]t is within the district court's discretion to strike an unauthorized filing." *Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994) (citing *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir. 1992)). *See In re Sokolik*, 635 F.3d 261, 268–69 (7th Cir. 2011) (approving district court's decision to strike arguments raised improperly under the court's rules).

In discussing a stay under the Federal Arbitration Act, the Seventh Circuit has stated:

> The issuance of a stay, as distinct from an order of dismissal, implies that the proceeding in the court that issued the stay remains on the court's docket, albeit in a state of suspended animation. As long as the case remains before the court, the judge has the power to issue any order that is within his power to issue in a case of that sort.

*Balt. & Ohio Chi. Terminal R.R. Co. v. Wis. Cent. Ltd.*, 154 F.3d 404, 407 (7th Cir. 1998).

"A counterclaim is not a stand-alone pleading; rather, a counterclaim is to be included in a pleading." *Safety Today, Inc. v. Roy*, Nos. 2:12-cv-510, 2:12-cv-929, 2013 WL 1282384, at *2 (S.D. Ohio Mar. 27, 2013) (quotation marks omitted). *See N. Valley Commc'ns., LLC v. Qwest Commc'ns. Co.*, No. CIV. 11-4052-KES, 2012 WL 523685, at *2 (D.S.D. Feb. 16, 2012) ("Because a counterclaim is not a stand alone pleading, it must be stated within a pleading.") (citing Fed. R. Civ. P. 13(b)); *Primerica Life Ins. Co. v. Davila*, No. 1:10-CV-1924 AWI SMS, 2011 WL 643395, at *3 (E.D. Cal. Feb. 17, 2011) (calling what purported to be an amended counterclaim "a nullity . . . because counterclaims are part of other pleadings"); *Great Lakes Intellectual Prop. Ltd. v. Saker Int'l, Inc.*, No. 1:04-CV-608, 2008 WL 148965, at *3 (W.D. Mich. Jan. 11, 2008) (citing *Bigelow v. RKO Radio Pictures*, 16 F.R.D. 15, 18 (N.D. Ill. 1954)) ("a counterclaim is asserted only as part of another pleading"). Where filing an answer or an amended answer is appropriate, a court may construe a request to file a counterclaim as a request

for leave to file an answer or an amended answer "[f]or purposes of efficiency." *Safety Today*, 2013 WL 1282384, at *2.

"It is . . . entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962). However, where a party's failure to follow the rules prejudices another party, the "situation is quite different." *Dugdale Commc'ns., Inc. v. Alcatel-Lucent USA, Inc.*, No. 1:09-cv-960-JMS-TAB, 2011 WL 666702, at *2 (S.D. Ind. Feb. 11, 2011) (distinguishing *Foman*). *Cf. Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994) ("failure to comply with the local rule was . . . not a harmless technicality").

### A. The Filings by the Defendant and GAMCO Violated the Court's Stay Order

On October 22, 2012, the Court stayed this matter between the Plaintiff and the Defendant pursuant to their Joint Motion. According to the Joint Motion, the parties would either request that the Court dismiss the Plaintiff's claims against the Defendant on or before February 28, or in the alternative one of the parties would request that the Court lift the stay because of a violation of the Settlement Agreement between the Plaintiff and the Defendant. By the time the Court entered the stay, GAMCO was no longer a party to this cause, and the stay therefore foreclosed further filings in this case by all parties to the case apart from action by the Court to lift the stay. The Defendant did not ask the Court to lift the stay before filing its Complaint on December 19, and GAMCO did not ask the Court to lift the stay before filing its Amended Answer and Crossclaim on February 5.

The Court agrees with the Plaintiff that neither the Defendant's Complaint nor

GAMCO's Amended Answer and Crossclaim are properly before the Court. "[I]t is within the district court's discretion to strike an unauthorized filing." *Cleveland*, 38 F.3d at 297. The Defendant notes that when a stay is entered, "the proceeding in the court that issued the stay remains on the court's docket," and that "[a]s long as the case remains before the court, the judge has the power to issue any order that is within his power to issue in a case of that sort." *Balt. & Ohio*, 154 F.3d at 407. Although the Court had the power to grant any number of requests, neither the Defendant nor GAMCO requested that the Court lift the stay. No party has suggested that lifting the stay was appropriate under the terms of the Settlement Agreement; indeed, it appears that both the Plaintiff and the Defendant abided by the terms of the Settlement Agreement. This case remained open for the purpose of monitoring and enforcing the Settlement Agreement. Then on December 19, the Defendant attempted to introduce new claims not relating to the original Complaint and, as discussed below, not conforming to the requirements of the Federal Rules of Civil Procedure. The Court finds that it would be inappropriate to allow such claims to proceed in contravention of the stay order. *See Cohen v. E.F. Hutton & Co.*, No. 87 C 5678, 1990 WL 36878, at *2 (N.D. Ill. Mar. 14, 1990) ("for this Court to proceed on the merits of these claims would violate this Court's own stay order"). On this basis, because both filings challenged by the Plaintiff violate the Court's October 22 stay order, the Court will strike both the Defendant's Complaint [ECF No. 27] and GAMCO's Amended Answer and Crossclaim [ECF No. 40].

B. **The Filings by the Defendant and by GAMCO Violated the Federal Rules of Civil Procedure**

The Federal Rules of Civil Procedure allow for only one complaint. Thus, the

Defendant's December 19 filing styled as a Complaint could not have been a complaint under the Rules. The Defendant argues that it should be allowed to assert counterclaims against the Plaintiff. But the Defendant's arguments fail for a number of reasons. First, "[a] counterclaim is not a stand-alone pleading; rather, a counterclaim is to be included in a pleading." *Safety Today*, 2013 WL 1282384, at *2. The Defendant did not file its purported counterclaims against the Plaintiff as part of a pleading, *i.e.*, the Defendant did not file its counterclaims as part of an answer. The Defendant's purported crossclaim against GAMCO also fails because a crossclaim must be asserted as part of a pleading. Fed. R. Civ. P. 13(g). The Defendant did not file its counterclaims or crossclaims as part of an answer; accordingly, they are not appropriate under the Federal Rules of Civil Procedure. The Defendant argues that in this case it would not promote "the just, speedy, and inexpensive determination of" this action to require it to file its counterclaims and crossclaims as part of an answer. Fed. R. Civ. P. 1. The Court disagrees. As discussed below, the Defendant's errors are more than mere technicalities. The Court finds that striking these inappropriate filings will promote the just, speedy, and inexpensive determination of this action by barring new claims from a settled and nearly-closed lawsuit, as required under the Rules.

The Court could excuse the Defendant's errors if no party would be prejudiced. *See Safety Today*, 2013 WL 1282384, at *2 (construing a motion to file counterclaims as a motion to amend the answer to add counterclaims); *but see Dugdale Commc'ns*, 2011 WL 666702, at *2 (denying a motion to amend because of prejudice to the non-moving party). Indeed, the Defendant requests permission to file an answer now so that its claims will be compliant with the Rules. The Plaintiff argues, however, that the Court would now have no basis to allow the

13

Defendant to file an answer to the Complaint. The Defendant does not respond to this aspect of the Plaintiff's argument, merely requesting leave to file an answer. The Court agrees with the Plaintiff that there is nothing for the Defendant to answer at this stage of the proceedings. The Plaintiff and the Defendant entered into a Settlement Agreement concerning all claims by the Plaintiff against the Defendant on October 12, 2012. The Court dismissed GAMCO and dismissed without prejudice all claims by the Plaintiff against GAMCO on October 16, 2012. Therefore, by October 16, no outstanding claims remained before this Court except the Plaintiff's claims against the Defendant which were governed by the terms of the Settlement Agreement. No party suggests that either the Plaintiff or the Defendant violated the terms of the Settlement Agreement. Accordingly, had the Defendant requested leave to file an answer to the Complaint on December 19, the Court would have denied such a request as futile. *See Tribble v. Evangelides*, 670 F.3d 753, 761 (7th Cir. 2012) (upholding district court's denial of an amendment that "came too late and appeared futile"). There was nothing in this cause for the Defendant to answer on December 19, unless the Defendant alleged a violation of the Settlement Agreement relating to the claims before this Court. The Defendant did not do so, and the Federal Rules of Civil Procedure do not provide an avenue for the Defendant to raise new claims in this nearly-closed action. For the Court to allow the Defendant to bring new claims at this stage of the litigation would prejudice the Plaintiff, and the Court will not countenance such prejudice. *See Dugdale Commc'ns.*, 2011 WL 666702, at *2. The Defendant's new claims belong in a separate lawsuit.

The crossclaims that GAMCO purports to bring against the Plaintiff suffer from similar defects under the Federal Rules. As noted above, they were not filed as part of a pleading, as

14

required under Rule 13(g). Furthermore, the Defendant had not asked the Court's permission to add GAMCO back into this action as a party under Rule 13(g). Therefore, under the plain language of Rule 13(g): the Defendant could not assert a crossclaim against GAMCO, a non-party; GAMCO was not a party capable of asserting a crossclaim against the Plaintiff; and the Plaintiff was not a co-party to GAMCO, a non-party. Finally, although GAMCO urges that the Defendant's Complaint could have properly been styled as a third-party complaint by the Defendant against GAMCO, and that the Court should "look beyond the caption" to determine the substance of the filing, *Tyrolf v. Veterans Admin.*, 82 F.R.D. 372, 374 (D.C. La. 1979), the Court agrees with the Plaintiff that the Defendant could not have properly asserted a third-party complaint under Rule 14. That Rule allows a defending party to serve a third-party complaint against "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). By December 19, all claims against the Defendant were resolved pursuant to the Settlement Agreement, and the Defendant could not have asserted that GAMCO was liable to it for all or part of the settled claims as part of this litigation. Because there was no basis for the Defendant to file new claims against GAMCO, the purported crossclaims by GAMCO are not appropriately before the Court.

Neither the Defendant's Complaint nor GAMCO's Amended Answer and Crossclaim comport with the Federal Rules of Civil Procedure. Accordingly, on this additional basis, the Court will strike both filings.

C. **The Plaintiff's Arguments for Dismissal for Improper Venue and for Transfer**

Because the Court finds that both of the filings the Plaintiff challenges should be

15

stricken, it need not consider the Plaintiff's alternative arguments that these filings should be dismissed for improper venue under Rule 12(b)(3) or transferred to the Eastern District of Michigan. The Court will, accordingly, deny these portions of the Plaintiff's motions as moot.

**CONCLUSION**

For all the reasons discussed, the Court GRANTS IN PART and DENIES IN PART AS MOOT the Plaintiff's Objection and Motion to Strike or Dismiss Busche's "Complaint" or in the Alternative Motion to Transfer Venue of the Busche "Complaint" [ECF No. 32] and the Plaintiff's Objection and Motion to Strike or Dismiss "Answer" and "Crossclaim" filed by General Aluminum Mfg. Company or in the Alternative Motion to Transfer Venue [ECF No. 47]. Specifically, the Court GRANTS the Plaintiff's request that the Court strike the filings by the Defendant and by GAMCO. The Court STRIKES the filing styled as a Complaint by Counterclaimant/Cross-Claimant Busche Enterprise Division, Inc. [ECF No. 27] along with its attachments and STRIKES the filing styled as an Amended Answer to Busche Enterprise Division, Inc. and Crossclaim Against ZF Steering Systems, LLC [ECF No. 40] along with its attachments. These documents are to remain a part of the record. Further, the Court DENIES AS MOOT the Plaintiff's requests that the Court dismiss for improper venue or transfer the claims raised by the Defendant and by GAMCO.

The Court SETS this matter for a telephonic status conference to discuss the Plaintiff's remaining claims against the Defendant at 10:30 AM on May 21, 2013. The Court will initiate the call. Finally, the Court REMINDS the parties to continue to inform the Court of developments in the Michigan litigation.

SO ORDERED on May 2, 2013.

                                              s/ Theresa L. Springmann
                                             THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT